# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN JOHNSON, | ) | 1:09-cv-00625-BAK-GSA HC |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS (Doc. 1) |
| v. | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT TO |
| | ) | ENTER JUDGMENT AND CLOSE FILE |
| DERRAL G. ADAMS, | ) | |
| | ) | ORDER DIRECTING CLERK OF THE COURT |
| Respondent. | ) | TO SEND PETITION A FORM FOR FILING |
| | ) | CLAIMS PURSUANT TO 42 U.S.C. § 1983 |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 8, 2009, Petitioner filed the instant petition for writ of habeas corpus in this Court.  (Doc. 1).  On April 15, 2009, Petitioner consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c) and Local Rule 72-302.

Petitioner, who is confined at Corcoran State Prison, Corcoran, California, identifies the following grounds for relief in his petition: (1) that the prison is failing to provide adequate nutrition for Petitioner, who is on a "religious vegetarian diet," that the prison vegetarian diet does not contain adequate protein and carbohydrates, and that it lacks sufficient caloric intake, as

1  compared to non-vegetarian meals; and (2) that Respondent is "disparaging my religion,
2  attempting to dissuade me from participating in the religious diet program and using my
3  vegetarian meals to punish me for my religious views, in violation of the first amendment."
4  (Doc. 1, pp. 3-4). Petitioner does not challenge either his conviction or sentence.

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*, Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Here, Petitioner challenges the nutritional value of the vegetarian diet provided by Respondent to vegetarian prisoners, as well as, apparently, certain unspecified actions by Respondent aimed at discouraging Petitioner from practicing his religious beliefs, at least as they relate to vegetarianism. Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Therefore, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

## ORDER

Accordingly, the Court HEREBY ORDERS as follows:

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED, because the petition

does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. The Clerk of Court is DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983; and,

3. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated:  **June 11, 2009**              /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE